Case 4:05-cv-00475-SPM-WCS Document 4-2 Filed 12/22/2005 Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DANIEL G. JONES,**

    **Plaintiff,**

vs.                                                     Case No. 4:05cv475-SPM/WCS

**JAMES V. CROSBY, JR.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff names only the Secretary of the Department of Corrections and the Warden of Wakulla Correctional Institution as Defendants in this case. Doc. 1. Plaintiff's complaint alleges that after a jury trial on August 8, 2000, Plaintiff was found guilty by the Jury for the crime of robbery. *Id.* However, Plaintiff contends that the presiding judge failed to "record the verdict in the face of the record . . . ." *Id.* Thus, it is Plaintiff's contention that he was never adjudicated guilty by the state court and,

accordingly, that his imprisonment is unlawful. *Id.* Plaintiff acknowledges that the state court issued a written court order and judgment of sentence, but Plaintiff contends the order is "invalid, because the Plaintiff have [sic] not by law never been legally, lawfully, by the trial court judge, adjudicated guilty of the crime . . . ." *Id.* Plaintiff seeks a declaratory judgment that his incarceration is illegal and release from prison. *Id.* Plaintiff also seeks both compensatory and punitive damages. *Id.*

It is clear that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)(prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487, 114 S.Ct. at 2372. Thus, Plaintiff's claim for monetary damages is meritless and this case must be dismissed.

Moreover, an attack on alleged deficiencies in imposing a sentence and conviction is a *habeas corpus* claim. Such a claim must first be brought through the filing of a habeas petition under 28 U.S.C. § 2254. Because Heck has clearly held that there is a "favorable termination requirement" in a § 1983 action which, in this case, Plaintiff has not shown, *see* Harden, 320 F.3d at 1294, this case must be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2005.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**